ZULICK, J.,
This matter is before the court on plaintiff Pocono Community Theater’s (PCT) motion for post-trial relief. PCT filed an appeal in this court on April 2,2014 from the March 7,2014 decision of the Monroe County Board of Assessment Appeals (Board) denying PCT’s application for a real estate tax exemption pursuant to 72 P.S. § 5453.202. A hearing on the PCT appeal was held on September 30, 2014. The appeal was denied on December 31, 2014.
PCT filed a motion for post-trial relief on January 9, 2015, requesting the court to reconsider its order of December 31, 2014, arguing that the theater relieved a government burden by providing independent films for the community, that the board did not meet its burden of proof under the Purely Public Charity Act, 10 P.S.§371 et seq., and that PCT’s equal protection rights were violated under the 14th amendment to the US Constitution. Both parties filed briefs, and oral arguments were held in this court on March 2, 2015.
DISCUSSION
Did PCT meet the HUP test for tax exempt status?
The court’s decision denying PCT’s request for a tax exemption turned on two points. The first was that although PCT advances a charitable purpose with some *344 of its offerings, these were a small portion of its activities. It is primarily in the business of offering movies to its members and the public. The actual number of educational events or events for a charitable purpose were fewer than 10 per year.
The second point was that presenting movies and entertainment or occasionally offering its stages to nonprofits is not a charitable undertaking that relieves the government of a burden.
PCT argues that the court’s conclusion was wrong; it does relieve the government of a burden and it qualifies as a charity under Hospital Utilization Project v. Com., 487 A.2d 1306 (Pa. 1985) (hereinafter HUP). An institution seeking a real estate tax exemption bears a heavy burden of establishing its entitlement to such an exemption. Church of the Overcomer v. Delaware County Board of Assessment Appeals, 18 A.3d 386, 391 (Pa. Cmwlth. 2011). Entitlement to a tax exemption is a mixed question of law and fact. Id. at 388-89 n. 1.
For real estate tax exemption as a purely public charity, the petitioner must first meet the five-part test detailed in Hospital Utilization Project v. Com., 487 A.2d 1306 (Pa. 1985) (hereinafter HUP) in order to qualify under the Pennsylvania Constitution. After meeting the HUP test, the petitioner must meet the test under the Purely Public Charity Act, 10P.S. § 371 et seq. Under HUP, an entity must possess all of the following characteristics:
(a) Advances a charitable purpose;
*345 (b) Donates or renders gratuitously a substantial portion of its services;
(c) Benefits a substantial and indefinite class of persons who are legitimate subjects of charity;
(d) Relieves the government of some of its burden; and
(e) Operates entirely free from private profit motive.
Hospital Utilization Project, 487 A.2d at 1317.
PCT screens studio, independent and/or art house films nearly every day, and also hosts and supports a variety of community events, including film camps for children and educational programs for high school students, East Stroudsburg University students, the Stroud Area Regional Police Department and the Pocono Medical Center. See NT 17, Petitioner’s Exhibit 12. The court found though that the actual number of educational events or events for charitable causes offered by PCT were small in number.
The bylaws of PCT state “the purposes for which this non-profit corporation is organized is to provide independent and art films offering a unique cinematic experience that enlivens the human spirit and promotes learning; while promoting local visual artists on the stage and in exhibition.” Petitioner’s Exhibit 13.
The court decided that PCT failed to meet the fourth prong of the HUP test:
The board argues that PCT’s activities do not relieve the government of a burden, because there is no *346 obligation on the part of the government to show films or provide film camps. See Camp Hachshara Moshava of New York v. Wayne County Board, 47 A.3d 1271, (Pa. Cmwlth. 2012), appeal denied, 69 A.3d 603 (Pa. 2013). The Board is correct as far as PCT’s entertainment offerings are concerned, which is the bulk of its programs. Although PCT has provided educational programs for high school students, ESU students, the Stroud Area Regional Police Department and the Pocono Medical Center, these programs are not a significant portion of PCT’s efforts. Clearly, PCT focuses first on its movie theater business and secondly on the use of films and its theaters for general use by non-profit community groups. Supporting local nonprofit groups is an honorable undertaking, but it is not relieving the government of its burden in a significant way. The government has no obligation to present entertainment, and it likewise has no obligation to support non-profit fundraising.
Opinion, December 31, 2014 at 12.
PCT argues that the tax exemption of Longwood Gardens in Unionville-Chadds Ford School District v. Chester County Board of Assessment Appeals, 714 A.2d 397 (Pa. 1998) as well as the Pennsylvania government’s financial support of the arts indicate that arts facilities should be tax exempt under the constitutional test. Longwood Gardens’ activities, the subject of Unionville-Chadds Ford, however, are distinguishable from PCT’s. The supreme court described Longwood Gardens as *347 follows:
Longwood is a very large and world-renowned public garden located in Chester County, just outside of the Philadelphia area. It comprises 1,050 acres, approximately 422 of which are within the appellant school district. Pierre du Pont acquired Longwood in the early 1900s and developed its then-existing arboretum into extensive park-like gardens.... More than 800,000 visitors per year make use of the gardens....
Longwood features an expansive arboretum where trees and shrubs are cultivated, immaculate flower gardens, collections of rare plants, a huge conservatory and greenhouse complex, architectural displays, a water garden, fountains, an open air theater for the performing arts, managed meadow and forest lands, wetlands, wildlife habitats, walking trails, picnic areas, and a variety of educational and research facilities. Included in the latter are an auditorium, classrooms, a library, exhibit areas, and scientific facilities....
Unionville-Chadds Ford Sch. Dist, 714 A.2d at 398.
The Unionville-Chadds Ford case is unique among cases applying the real estate tax exemption to facilities that promote the arts, and Longwood Gardens itself is a unique facility. Longwood Gardens provides a combination of scenic, artistic, educational, and research facilities that exempted it from real estate taxation. The supreme court further stated,
*348 In short, the government has long provided support for public parks and recreation areas as well as for cultural institutions, including museums, libraries, etc. Longwood’s public park and cultural facilities fall clearly within the scope of burdens that are routinely shouldered by government. Hence, this element of the HUP test was properly found to be met. Id. at 401.
The supreme court emphasized that the entertainment facilities were one among many services provided by Longwood Gardens, and it was the combination of these facilities that determined Longwood Gardens’ status as a purely public charity.
While PCT provides a combination of community services and arts and film programs, PCT’s movie theater business is its primary focus. PCT’s community services were not substantial enough to meet the HUP test, and there is no indication in the case law that facilities primarily providing entertainment are entitled to an exemption from real estate taxes. PCT does not meet the fourth prong of the HUP test.
Purely Public Charity Act
PCT next argues that the board should have had the burden of proof under the Purely Public Charity Act, 10 P.S. Section 371 et seq. rather than PCT, and that PCT met the requirements under the Act. However, as stated in the opinion, this court has decided that PCT did not meet the HUP constitutional test, and thus an examination of the statutory test was not necessary for the decision itself. *349 Mestivah Eitz Chaim of Bobov, Inc., v. Pike County Board of Assessment Appeals, 44 A.3d 3 (Pa. 2012).
PCT’s brief presents a comprehensive review of reasons why it qualifies for a tax exemption under the act, beginning with the argument that it is entitled to the benefit of a rebuttable presumption of entitlement. This required PCT’s introduction of a “valid exemption from sales tax under section 204(10) of the Tax Reform Code of 1971.” PCT’s brief page 8. PCT offers this evidence in Appendix 1 of its brief. However, it was not introduced at trial, and thus cannot be considered for post-trial motion purposes.
Likewise, part of PCT’s burden at trial was to offer its articles of incorporation, showing that they qualify under 10 P.S. Section 375 (c)(4). PCT has attached articles to its brief, but that does not assist the court when they were not offered as part of the trial record.
Finally, PCT has attached an income statement as Appendix III of its brief. This summary of income and expenses may have been important during trial if PCT’s qualification under the act had been the deciding factor in the case. However, the board would then have had the right to develop its response to the exhibit through cross examination or rebuttal. The information presented in the chart is not decisive of the case in any event, because of the court’s finding that the service presented by PCT, screening movies, is not a charitable undertaking that relieves the government of a burden.
*350 Equal Protection
Finally, PCT argues that the court denied the theater equal protection under the 14th Amendment of the US Constitution, as similar theaters in Northampton County and Lehigh County have been granted real estate tax exemptions. PCT, however, did not provide any evidence of these theaters’ offerings, operations or tax status at trial, and this constitutional argument was not raised at trial. Thus, the court has no means by which to assess its merits.
ORDER
And now, this 7th day of April, 2015, following consideration of the parties’ briefs and arguments, plaintiff Pocono Community Theater’s motion for post-trial relief is denied.